IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTIANNA KEIRRA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-226-JTA |
| | ) | |
| KILOLO KIJAKAZI, | ) | (WO) |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the claimant, Christianna Keirra Jackson ("Jackson"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Jackson's claim for Supplemental Security Income ("SSI"). (R. 34.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 7, 8.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I. PROCEDURAL HISTORY AND FACTS

Jackson was born on February 3, 1999, and was 19 years old at the time of the administrative hearing held on January 22, 2019. (R. 68, 299.)[2] She completed the ninth grade. (R. 69.) She has no past relevant work. (R. 32.) She alleges a disability onset date of March 12, 2015, due to a psychiatric disorder which causes her to hallucinate and hear voices. (R. 71, 302.) Jackson was sixteen years of age on the alleged onset date. (R. 68.)

On March 13, 2015, Jackson applied for a period of SSI under Title XVI of the Social Security Act ("the Act") (42 U.S.C. §§ 1381, *et seq*.). (R. 290.) Her application was denied on August 4, 2015 (R. 92-98), and she requested an administrative hearing (R. 136).

Following an administrative hearing on June 1, 2017, an Administrative Law Judge ("ALJ") denied Jackson's request for benefits in a decision dated December 12, 2017. (R. 101-19.) On August 9, 2018, the Appeals Council vacated and remanded the decision in Jackson's case to the ALJ due to legal error, with instructions that Jackson be offered an opportunity for a new hearing. (R. 126-27.) On January 22, 2019, a second hearing before an ALJ was conducted, and on April 2, 2019, the ALJ determined that Jackson was not disabled for SSI purposes. (R. 12-34.) On May 22, 2019, Jackson requested that the Appeals Council review the decision. (R. 272.) On February 12, 2020, the Appeals Council found no reason to review the ALJ decision and informed Jackson that the ALJ

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (Doc. No. 18.)

decision was the final decision of the Commissioner.³ (R. 1-3.) On April 1, 2020, Jackson filed the instant action appealing the decision of the Commissioner. (Doc. No. 1.)

## II.  STANDARD OF REVIEW

Judicial review of SSI claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty*, 245 F.3d at 1278. "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are

---

³ "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III.   STANDARD FOR DETERMINING DISABILITY

A.   Child Disability

In cases where an individual attains age 18 after filing a disability application but before the Commissioner has made a determination or decision on whether the individual is disabled, the Commissioner uses the three step analysis of 20 C.F.R. § 416.924 for the period during which the individual was under age 18, and the five step analysis of 20 C.F.R. § 416.920 for the period starting with the day the individual attains age 18. 20 C.F.R. § 416.924(f).

An individual under 18 years of age is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). *See Rodriguez obo R.C. v. Berryhill,* No. 20-14458, 2021 WL 5023951, at *3 (11th Cir. Oct. 29, 2021) ("A child under the age of eighteen is considered disabled, and thus entitled to benefits including supplemental security income, if the child has 'a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations ... that has lasted or can be expected to last for a continuous period of not less than 12 months.' ") (quoting 20 C.F.R. § 416.906).

The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, [s]he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, [s]he is not disabled.

3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2). In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004); 20 C.F.R. § 416.926a(b)(1). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has ' "marked" limitations in two of the domains [above], or an "extreme" limitation in one domain.' " *Shinn*, 391 F.3d at 1279 (quoting 20 C.F.R. § 416.924a(d)).

B. Adult Disability

The Act defines "disability" for persons over the age of 18 as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is a work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d). If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the

fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant can perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

The ALJ applied the three-step childhood standard of disability to the period before Jackson turned 18, and applied the five-step standard for the period after age 18. Applying the childhood standard, the ALJ found that Jackson had "not engaged in substantial gainful activity" since the date her application was filed. (R. 21.) The ALJ also found that Jackson had the severe impairment of schizoaffective disorder before reaching age 18. (R. 21.) The ALJ concluded, however, that Jackson's severe impairment did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that her impairment or combination of impairments did not functionally

equal the listings. (R. 21-22.) Jackson's history of hospitalizations associated with behavioral problems and history of drug use led the ALJ to find that she had a less than marked limitation in her ability to care for herself. (R. 27-28.) The ALJ determined however that Jackson had no limitations in the remaining five domains. (R. 24-29.) Based on the absence of an impairment or combination of impairments that met or functionally equaled the listings, the ALJ found that Jackson was not disabled prior to attaining age 18. (R. 29.)

Further, the ALJ found that Jackson had not developed any new impairment since reaching adulthood, and that her severe impairment caused by schizoaffective disorder did not meet or medically equal any impairment listed at 20 C.F.R. § 416.920(d). (R. 29.) After consideration of the entire record, the ALJ determined that Jackson retains the RFC to perform a full range of work with nonexertional limitations including being limited to simple routine tasks; occasional interacton with supervisors, coworker and the public; and gradual change in the workplace. (R. 30.)

Based upon the testimony of a vocational expert ("VE"), the ALJ correspondingly found that considering Jackson's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 32.) The ALJ determined that Jackson could perform work as an insulation packer, ticket tagger, and ampoule sealer. (R. 33.) Given Jackson's ability to perform these jobs, the ALJ concluded that she had not been under a disability from February 2, 2017, the date Jackson attained age 18, through the decision date of April 2, 2019. (R. 33-34.)

## V.     DISCUSSION

Jackson presents two arguments on appeal.  First, Jackson argues the ALJ failed to consider absenteeism associated with her hospitalizations in the RFC determination. (Doc. No. 16 at 8-9.)  Second, Jackson argues the ALJ's findings in three of the six domains of functioning are not based on substantial evidence. (*Id*. at 9-15.)

The Court evaluates both of Jackson's arguments below.

A.     Adult RFC Determination

Jackson argues that the ALJ's RFC determination does not account for absences caused by her multiple, in-patient hospitalizations and is therefore not supported by substantial evidence. (Doc. No. 16 at 9.)  She bases this argument on her 2018 psychiatric hospitalizations which she claims total twenty-two (22) days, the VE's testimony that more than two days of absences per month would preclude work, and her extrapolation that she would be unable to work with this rate of absences. (*Id*.)  She requests a remand for additional VE testimony regarding her ability to work with excessive absenteeism due to hospitalizations. (*Id*.)

The Commissioner responds that the ALJ did not err because the decision was based on the evidence of record. (Doc. No. 17 at 6.)  The Commissioner argues that Jackson has the burden to prove RFC and she has not shown that her severe impairment would cause her to be absent more than two days a month over the course of a 12-month period, as required under agency regulations. (*Id*. at 8).  The Commissioner further argues Jackson has not shown that the court should remand the case merely to obtain additional VE testimony regarding absenteeism. (*Id*.)

9

The administrative record shows that Jackson was hospitalized on numerous occasions due to complaints of hallucinations or hearing voices.  In July 2018, Jackson was hospitalized for three days[4] because she was hallucinating.  (R. 477-483.)  In August 2018, Jackson was hospitalized for three days[5] because she had been hearing voices.  (R. 485-500.)  In November 2018, Jackson was hospitalized for thirteen days[6] because she was hearing voices.  (R. 502-503.)  Throughout each hospitalization, Jackson received medication, became stable, and was discharged.[7]  (R. 480, 487, 503.)

During the hearing, the VE testified, upon inquiry from Jackson, that a person with frequent absences of more than two days a month would not be able to maintain competitive employment.  (R. at 89.)  Jackson did not question the VE further on the issue of absences.

Here, Jackson's argument for remand fails.  In determining a claimant's RFC, which is " 'that which an individual is still able to do despite the limitations caused by his or her impairments[,]' " the ALJ "considers all the evidence in the record[.]"  *Washington v. Social Sec. Admin., Comm'r*, 503 F. App'x 881, 882-83 (11th Cir. 2013).  The ALJ found

---

[4] Jackson was hospitalized from July 25, 2018 to July 28, 2018.  (R. 479.)  On July 28, 2018, Jackson denied hallucinations, was not paranoid or delusional, and requested to be discharged.  (R. 480.)

[5] Jackson was hospitalized from August 1, 2018 to August 4, 2018.  (R. 486.)  Jackson was reported to be "psychiatrically stable and medically stable" when discharged.  (R. 487.)

[6] Jackson was hospitalized from November 8, 2018 to November 21, 2018. (R. 502.)  Again, Jackson was reported to be "psychiatrically stable and medically stable" when discharged.  (R. 503.)

[7] Jackson's math is incorrect as the sum of these hospitalizations is 19 days, not 22 days.

Jackson's schizoaffective disorder to be a severe impairment; discussed in detail her mental limitations, medical records, and opinion evidence; and assigned an RFC to Jackson that included nonexertional limitations, including being limited to simple routine tasks; occasional interacton with supervisors, coworker and the public; and gradual change in the workplace.  (R. at 30.)  The ALJ also posed hypotheticals to the VE which included these mental limitations.  (R. 87-88.)  Although Jackson elicited testimony from the VE regarding frequent absences of more than two days a month (R. 89), she does not cite to any portion of the record which supports her contention that her severe impairment required her to be absent from work more than two days per month or restricted her in terms of attending work.  *See Figueroa v. Comm'r of Soc. Sec.,* No. 6:20-CV-470-DCI, 2021 WL 4148264, at *3 (M.D. Fla. Sept. 13, 2021) (rejecting claimant's argument that the ALJ should have included a restriction for unexcused absences when he did not cite record evidence supporting such a limitation).  Indeed, Jackson does not provide any citation to a medical source who opined that her schizoaffective disorder required excessive absenteeism from work or limited her in attending work.  "Again, it is not the Court's role to reweigh the evidence . . . [and] [t]o the extent [Jackson] argues that the ALJ did not account for [excessive] absences . . . [Jackson] does not establish that [this] limitation[ ] [is] reflected in the record." *Figueroa*, 2021 WL 4148264, at *3 (internal citation omitted).

Consequently, the Court finds no reversible error in the ALJ's determination of Jackson's RFC and concludes that the determination is based on substantial evidence.  *See Nixon v. Kijakazi*, 6:20-cv-957-JRK, 2021 WL 4146295, at * 6 (M.D. Fla. Sept. 13, 2021) (finding that the ALJ's decision accommodated the claimant's psychiatric disorder by

limiting the RFC to simple tasks, simple work-related decisions and occasional interaction with the public). The ALJ concluded that Jackson has the RFC to perform work that existed in significant numbers in the national economy. "[T]he ALJ . . . was not required to make a separate finding on the absenteeism issue." *Whitlow v. Astrue*, No. 3:08CV159-SRW, 2010 WL 1995608, at *6 (M.D. Ala. May 17, 2010) (rejecting argument that the ALJ failed to consider claimant's medically-related absenteeism).

B.      Child Domains of Functioning

Jackson argues that the ALJ's findings on three of the six domains of functioning are not supported by substantial evidence. Jackson contends the ALJ erred in her conclusions as to the domains of Jackson interacting and relating with others, caring for herself, and health and physical well-being. (Doc. No. 16 at 10-15.) The Commissioner generally argues that Jackson has not met her burden to show that the ALJ erred in assessing the record evidence or finding of non-disability. (Doc. No. 17 at 10.)

1.      Ability to interact and relate with others

The domain of "interacting and relating to others" considers how well a child "initiate[s] and sustain[s] emotional connections with others, develop[s] and use[s] the language of [the child's] community, cooperate[s] with others, compl[ies] with rules, respond[s] to criticism, and respect[s] and take[s] care of the possessions of others." 20 C.F.R. § 416.926a(i). A child between the ages of 12 to 18 without an impairment should be able to "initiate and develop friendships with children who are [of the same] age and to relate appropriately to other children and adults, both individually and in groups." *Id*. § 416.926a(i)(2)(v). The child without impairment also "should begin to be able to solve

conflicts between [her]self and peers or family members or adults outside [her] family[;] . . . recognize that there are different social rules for [herself] and [her] friends and for acquaintances or adults[;] . . . be able to intelligibly express [her] feelings, ask for assistance in getting [her] needs met, seek information, describe events, and tell stories, in all kinds of environments . . . and with all types of people . . . ." *Id*. A child with an impairment in this age group might have no close friends her age, avoid people she knows or be fearful of meeting new people, have difficulty playing games, have difficulty communicating with others, or difficulty speaking intelligibly. *Id*. § 416.926a(i)(3)(ii)-(v).

> In finding Jackson had no limitation in this domain, the ALJ noted that:
>
> [Jackson] reported getting along well with her family members except her mother sometimes. She lived with her mother, one sister and three brothers. She was expelled from school for fighting (Exhibit 2F/2I). However, she noted her behavior had changed and that she did not have problems prior to using marijuana (Exhibit 2F/67). [Jackson] was described as "a respectful young lady" (Exhibit 1F/4). The record suggests age-appropriate functioning in this domain.

(R. 26-27.)

Jackson argues that in assessing her ability to interact and relate with others, the ALJ improperly attributed the onset of her behavioral issues with using marijuana. (Doc. No. 16 at 11.) She asserts that her behavior prior to the onset of her schizophrenia are not relevant, and that the behavior has persisted in the absence of drug use. (*Id*.) She cites her aggression when attending school, mood swings, irratibility, and violent commands from voices as reasons she has a marked limitation in this category. (*Id*. at 11-12.)

The Court rejects Jackson's arguments. "[H]ighlighting proof in the record that supports a party's desired outcome, without explaining why the [ALJ]'s proffered

13

reasoning was itself flawed, does not warrant a reversal." *Rodriguez obo R.C.*, 2021 WL 5023951, at *7. Once more, this court cannot reweigh the evidence.

Moreover, Jackson's argument that her behavior prior to the onset of her severe impairment is not relevant misses the mark. "It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citation omitted). This means the ALJ is required to develop Jackson's medical history for the 12 months prior to her alleged onset date of disability in March 2015. *See* 20 C.F.R. § 416.912(d) (stating that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application"). With respect to determining medical equivalence, the regulations provide that the ALJ will consider "all evidence in [the claimant's] case record about [her] impairment(s) and its effect on [her] . . . ." 20 C.F.R. § 416.926(c). Thus, contrary to Jackson's assertion, her medical records and behavior noted therein from March 2014 to March 2015 were relevant to her disability claim and were properly considered by the ALJ. Accordingly, Jackson's argument is without merit and substantial evidence supports the ALJ's finding on this domain.

        2.        Health and physical well-being

The domain of "health and physical well-being" considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on [the child's] functioning that [were] not consider[ed]" in the evaluation of the child's ability to move about and manipulate objects. 20 C.F.R. § 416.926a(l). Limited functioning in this domain might manifest as "physical effects that vary in kind and intensity, and may

make it difficult for [the child] to perform [her] activities independently or effectively." *Id*. § 416.926a(l)(1). "[The child] may experience problems such as generalized weakness, dizziness, shortness of breath, reduced stamina, fatigue, psychomotor retardation, allergic reactions, recurrent infection, poor growth, bladder or bowel incontinence, or local or generalized pain." *Id*. "In addition, the medications [the child] take[s] . . . or the treatments [the child] receive[s] . . . may have physical effects that also limit [the child's] performance of activities." *Id*. § 416.926a(l)(2). A child with an impairment might have "generalized symptoms, such as weakness, dizziness, agitation (e.g., excitability), lethargy (e.g., fatigue or loss of energy or stamina), or psychomotor retardation because of [her] impairment(s)[;] . . . have somatic complaints related to [her] impairments[;] . . . have limitations in [her] physical functioning because of [her] treatment[;] . . . have exacerbations from one impairment or a combination of impairments that interfere with [her] physical functioning[;] [or] . . . [the child is] medically fragile and need[s] intensive medical care to maintain [her] level of health and physical well-being." *Id*. § 416.926a(l)(4)(ii)-(v).

In finding Jackson had no limitation in this domain, the ALJ noted that:

> [Jackson's] hobbies included singing, dancing, running track and cheering (Exhibit 2F.21). [Jackson]'s father denied any restriction in this domain (Exhibit 2E). [Jackson] had a well-child check in March 2015 that revealed normal results upon physical examination (Exhibit 3F).

(R. 28-29.)

Jackson faults the ALJ for citing her past activities as indications that her health and physical well-being are unimpaired. She notes that the school related activities of running track and cheering are connected to school, which she could not attend after January of

15

2015 due to her suspension. (Doc. No. 16 at 13.) Jackson relies heavily upon her "urgent" referral to a psychiatrist and hospitalizations in 2014.[8]

The Court reiterates that it cannot reweigh the evidence. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014) (a court may not reweigh the evidence or substitute its judgment for that of the Commissioner). The ALJ properly had records from 12 months before the alleged onset date of Jackson's disability before her and consideration of the information from the records was required to determine medical equivalence as the Court discussed above. Jackson's arguments lack merit and the Court finds that substantial evidence supports the ALJ's finding on this domain.

       3.       Ability to care for herself

The domain of "caring for yourself" considers how well a child "maintain[s] a healthy emotional and physical state, including how well [the child] get[s] [her] physical and emotional wants and needs met in appropriate ways; how [she] cope[s] with stress and changes in [her] environment; and whether [she] take[s] care of [her] own health, possessions, and living area." 20 C.F.R. § 416.926a(k). A child between the ages of 12 to 18 without an impairment should "feel more independent from others and should be increasingly independent in all of [her] day-to-day activities." *Id.* § 416.926a(k)(2)(v). A child with an impairment might place inedible objects in their mouth, use self-soothing

---

[8] Jackson states that she was hospitalized for 32 days during 2015. However, the record cites provided to support this statement refer to hospitalizations in 2014. (*See* R. 378-79.) The "urgent" referral to a psychiatrist was made a matter of days before Jackson's application for SSI benefits. (R. 465-468.)

16

activities or have restrictive mannerisms, not bathe or dress herself appropriately for her age, engage in self-injurious behavior, not spontaneously pursue enjoyable activities, or have disturbance in sleeping or eating patterns. *Id*. § 416.926a(i)(3)(i)-(vi).

In finding Jackson had "less than marked limitation" in this domain, the ALJ noted that:

> [b]ased on [Jackson's] history of brief hospitalizations associated with behavioral problems and history of drug use, she had some limitation in this domain. However, there is no indication that she had any ongoing problems that lasted for 12 months or more. [Jackson] denied any history of bad behavior prior to meeting her boyfriend the previous year (Exhibit 2F/2).

(R. 27-28.)

Jackson argues that the ALJ's finding that she has a "less than marked limitation in the ability to care for herself" is only supported by a "mere scintilla" of evidence and does not satisfy the substantial evidence standard. (Doc. No. 16 at 14.) Jackson returns to the issue of her 2014 hospitalizations and submits that consistently low scores in her global assessment of functioning ("GAF") indicate difficulty in functioning.[9] (*Id*.) She takes issue with the ALJ's finding that the record did not support a finding that Jackson had "ongoing problems that lasted 12 months or more." (*Id*.)

Jackson's argument here is unavailing. The Court's review is limited to "whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez obo R.C.*, 2021 WL 5023951, at *7 (citing *Shinn*, 391 F.3d at 1282) ("If the Commissioner's decision

---

[9] Jackson concedes that GAF scores are not binding on the ALJ. (Doc. No. 16 at 15.)

is supported by substantial evidence we must affirm, even if the proof preponderates against it.")). Yet again, the Court will not reweigh the evidence and the information was properly before the ALJ. The Court concludes that the ALJ's finding on this domain was supported by substantial evidence.

## VI.    CONCLUSION

After review of the administrative record, and considering all of Jackson's arguments, the Court finds the Commissioner's decision to deny her disability is supported by substantial evidence and is in accordance with applicable law. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 20th day of January, 2022.

/s/ Jerusha T. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE